UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN TERWILLEGER,<br><br>                 Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON AND GRAYS HARBOR COUNTY,<br><br>                 Defendants. | CASE NO. C17-5360 RJB<br><br>ORDER ON MOTION TO RE-OPEN CASE AND APPLICATION FOR COURT APPOINTED COUNSEL |

This matter comes before the Court on Plaintiff's "Motion to Re-Open Case" and Application for Court Appointed Counsel. Dkt. 11. The Court has considered the motion and application, relevant record, and the remainder of the file herein.

On May 15, 2017, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. Dkt. 1. Plaintiff was informed by the Clerk of the Court that his IFP application was incomplete, he was sent a new application, and given an opportunity to file an amended application. Dkt. 3. Plaintiff was

informed that failure to fill out the entire application may result in dismissal of the case. *Id.* On June 5, 2017, Plaintiff filed the first page of an amended application. Dkt. 4.

On June 20, 2017, the Court reviewed the proposed complaint in this matter. Dkt. 6. Plaintiff was notified that the proposed complaint was improperly filed as a mixed petition; that is, it appeared to challenge the validity of a felony conviction under habeas corpus, 28 U.S.C. § 2254 (although it is not clear he is in custody), and also attempted to assert claims regarding the conditions of his confinement pursuant to 28 U.S.C. § 1983. *Id.* Plaintiff was granted until July 21, 2017 to file a proposed amended complaint clarifying whether he intended to prosecute this case as a habeas corpus petition or as a § 1983 case. *Id.*

On July 19, 2017, Plaintiff filed a proposed Amended Complaint (Dkt. 9). Like his first proposed complaint, this pleading was difficult to follow. Plaintiff again asserted claims related to the conditions of his confinement and claims that either challenged the fact or duration of a conviction or related to ongoing criminal proceedings. *Id.* Plaintiff asserted that he raised his "access to the courts concerns," access to proper medical treatment (including mental health competency assessments), and other conditions of confinement with the "superior court" within the last year. *Id.* He also discussed speedy trial rights, the competency of counsel and evidentiary issues. *Id.* Plaintiff sought monetary relief and appeared to seek relief related to the validity of his conviction. *Id.*

On July 24, 2017, this case was dismissed without prejudice and Plaintiff's applications to proceed IFP and for court appointed counsel were stricken. Dkt. 10. That order provided:

> Plaintiff has failed clarify his intentions regarding how he intends to prosecute this case, whether as a conditions of confinement case under 42 U.S.C. § 1983 or a habeas corpus case under 28 U.S.C. §2254, as ordered in the Court's June 20, 2017 order. Plaintiff's newly filed proposed Amended Complaint (Dkt. 9) shares the same defects as his initial proposed Complaint (Dkt. 1-1). The undersigned adopts the prior reasoning regarding the impermissibility of the

1     proposed Complaint as a mixed petition and the other legal deficiencies discussed therein (Dkt. 6, at 2-7) in regard to Plaintiff's proposed Amended Complaint (Dkt. 9). Further, portions of the claims appear to relate to current criminal proceedings in the state courts. There is no showing that this Court has jurisdiction to consider such claims. This case should be dismissed without prejudice. Plaintiff is free to file a case again, but should be mindful that he must separate his claims, and address the jurisdictional and other issues raised in the June 20, 2017 order or again will be subject to dismissal.

Dkt. 10, at 3-4.

    On July 27, 2017, Plaintiff filed the instant pleading on a form entitled Application for Court Appointed Counsel, with a handwritten notion "Motion to Re-Open." Dkt. 11. In the caption, the defendant is identified as: "State of Washington Depart [sic] of Assigned Counsel Grays Harbor County." *Id.* Plaintiff asserts in this pleading that he was granted IFP in this case (he was not). *Id.* He states that he has "contacted over 20 attorneys via email most are to [sic] busy or don't handle federal [unreadable], or just don't answer." *Id.*, at 2. Plaintiff states that he also contacted the "Washington State Human Rights they said they don't' do these kinds of claims where a jail is involved." *Id.* Plaintiff provides no argument or reasoning as to why the case should be reopened.

    That same day, Plaintiff filed another application to proceed IFP and proposed "civil rights complaint under 42 U.S.C. § 1983," naming as defendants "State of Washington Department of Assigned Counsel Grays Harbor County Sherriff/Jail/Court." *Terwilleger v. State of Washington, et. al.*, Western District of Washington case number 17-5580 RJB. Plaintiff filed a third and fourth case, and like the second case, 17-5560, he attempted to raise claims related to either a past conviction or current criminal proceedings. *Terwilleger v. State of Washington, et. al.*, Western District of Washington case number 17-5580 RJB; *Terwilleger v. State of Washington, and Grays Harbor*

ORDER ON MOTION TO RE-OPEN CASE AND
APPLICATION FOR COURT APPOINTED
COUNSEL- 3

*County,* Western District of Washington case number 17-5596 RJB and *Terwilleger v. Soriano,* Western District of Washington case number 17-5624 RJB. All three cases were dismissed *sua sponte*. *Id.*

On August 14, 2017, the Court renoted Plaintiff's Motion to Re-Open Case and Application for Court Appointed Counsel in this case in order to give Plaintiff another opportunity to file a proposed complaint "that **DOES NOT** raise any claim related to past criminal convictions or current criminal proceedings **IN ANY FORM** on or before **August 25, 2017**." Dkt. 12. He was notified that "failure to do so will likely result in denial of the motion to re-open this case." *Id.*

Plaintiff then proceeded to file a series of letters, first indicating that he had recently been tried and convicted of a crime, and there was an outstanding warrant for his arrest (Dkt. 13), then indicating that he was going to turn himself in (Dkt. 14) and lastly, that he is now in custody at Grey's Harbor County, Washington Jail (Dkts. 15 and 16). Plaintiff explains that he intends to pursue this case as a civil rights case under 42 U.S.C. § 1983, but no longer has his notes or any of the court forms. Dkts. 15 and 16. He asks the Clerk of the Court to send him forms, and reiterated his desire that counsel be appointed for him. *Id.* Plaintiff further requests that the Court copy all the pleadings filed in the case and send them to his caregiver in Redmond, Washington. *Id.*

**Motion to Re-Open Case and Application for Court Appointed Counsel**. Plaintiff again provides no justification to reopen this case. However, in consideration of Plaintiff's *pro se* status, the events of the last month, and his indication that he wants to proceed in this case as a § 1983 case, Plaintiff's Motion to Re-Open Case and Application for Court Appointed Counsel should be renoted to September 29, 2017. The Clerk of the Court should be directed to send

Plaintiff the form § 1983 complaint. Plaintiff's proposed amended complaint, if any, should be filed by September 29, 2017. Failure to file a proposed amended complaint will likely result in a denial of the motion to reopen this case.

Plaintiff's motion that the court send him free copies of the file should be denied. Copies are available from the Clerk of the Court for a fee.

**Referral to U.S. Magistrate Judge**. Plaintiff is a *pro se* prisoner purportedly asserting claims pursuant to 42 U.S.C. § 1983. This case should be referred to a U.S. Magistrate Judge for further proceedings.

## **ORDER**

Therefore, it is hereby **ORDERED** that:

- Plaintiff's "Motion to Re-Open Case" and Application for Court Appointed Counsel (Dkt. 11) **ARE RENOTED** for **September 29, 2017**;
- Plaintiff's proposed amended complaint, if any, **IS DUE** by **September 29, 2017**;
- To the extent Plaintiff moves the Court for free copies of all pleadings in the file, the motion (Dkts. 15 and 16) **IS DENIED;** and
- This case **IS REFERRED** to a U.S. Magistrate Judge for further proceedings.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at their last known address. The Clerk is further directed to send a copy of the form complaint to Plaintiff at his last known address.

Dated this 30th day of August, 2017.

		ROBERT J. BRYAN
		United States District Judge