UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN TERWILLEGER,

    Plaintiff,

v.

STATE OF WASHINGTON and
GRAYS HARBOR COUNTY JAIL,

    Defendants.

CASE NO. 3:17-cv-05360-RJB-DWC

ORDER ON MOTIONS TO REOPEN CASE AND FOR COURT APPOINTED COUNSEL AND ORDER GIVING PLAINTIFF LEAVE TO AMEND

In response to an Order entered by the Honorable Robert J. Bryan, Plaintiff Brian Terwilleger, proceeding *pro se*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 ("Amended Complaint"). He has also filed a Motion to Reopen His Case and a Motion for Appointment of Counsel. However, he has neglected to provide a justification for reopening his case or for appointment of counsel and his Amended Complaint still suffers from other deficiencies. Therefore, the Court declines to reopen the case at this time, declines appointment of counsel, and orders Plaintiff to file a Second Amended Complaint addressing the deficiencies identified herein.

ORDER ON MOTIONS TO REOPEN CASE AND
FOR COURT APPOINTED COUNSEL AND
ORDER GIVING PLAINTIFF LEAVE TO AMEND
- 1

**BACKGROUND**

Plaintiff originally filed his complaint, along with an Application to Proceed *In Forma Pauperis*, on May 15, 2017. Dkt. 1.[1] Because of the nature of Plaintiff's allegations, the District Court could not determine whether Plaintiff was attempting to file a § 1983 complaint or a habeas petition. Dkts. 6, 10. After giving Plaintiff the opportunity to amend and choose between a § 1983 action or a habeas petition, Judge Bryan dismissed the case without prejudice. Dkts. 6, 10. Plaintiff subsequently moved to reopen the case. Dkt. 11. Judge Bryan then entered two additional orders identifying the deficiencies in Plaintiff's complaint. *See* Dkts. 12, 17. However, he gave Plaintiff leave to amend, referred the case to the undersigned, and re-noted Plaintiff's motions for this Court's consideration. Dkt. 17. Plaintiff filed a Proposed Amended Complaint (Dkt. 20), a Supplement to the Complaint (Dkt. 22), and a Motion to Amend his Proposed Amended Complaint (Dkt. 23).

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

---

[1] The Court notes that Plaintiff has filed an Application to Proceed *In Forma Pauperis* that has not yet been ruled on by the District Court. The Court declines to analyze this Application here, but will make a ruling or recommendation after Plaintiff has remedied his Complaint's other deficiencies identified herein.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**I.       Motion to Reopen Case and Motion to Appoint Counsel**

Plaintiff first moves to reopen his case and have the Court appoint him counsel. Plaintiff's Amended Complaint complies with Judge Bryan's orders requiring that his complaint not raise any claim related to past criminal convictions or current criminal proceedings. Plaintiff has limited his claim to unlawful restriction of his access to the law library, an appropriate § 1983 claim that does not challenge any previous convictions. Dkt. 20 at 3-4. However, the Amended Complaint suffers from other deficiencies which are addressed herein. Because Plaintiff has remedied the deficiencies noted by Judge Bryan, but has other outstanding deficiencies he must address before his complaint can be served, the Court declines to grant his motions at this time. Instead, the Clerk is directed to re-note the Motion to Reopen Case and Motion to Appoint Counsel (Dkt. 11) to November 25, 2017--the same date Plaintiff's Second Amended Complaint will be due.

**II.      Additional Deficiencies**

Plaintiff appears to allege that, though he has ongoing litigation in this Court, jail staff have unlawfully restricted his access to the law library. To state a claim under 42 U.S.C. § 1983,

Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, § 1983 actions only apply to the actions of "persons" acting under the color of state law. *See* 42 U.S.C. § 1983. Jails and prisons, as arms of the state, are not "persons" for purposes of a § 1983 action. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989) (states are not "persons" amenable to suit under § 1983; the limitation extends to "governmental entities that are considered 'arms of the state'").

Here, Plaintiff has not properly alleged the personal participation of any defendants. Plaintiff names the State of Washington and the Grays Harbor County Jail as the two Defendants in this case. Dkt. 20 at 1. However, he currently alleges jail staff unlawfully restricted his access to the law library. He does not identify who actually violated his rights, and he does not explain the connection between the named Defendants and his alleged constitutional violation. Because of this, Plaintiff has not alleged personal participation as required in a § 1983 action. Further, Plaintiff names Grays Harbor County Jail as a Defendant along with the State of Washington. Neither the State nor an arm of the state, such as a county jail, are appropriate Defendants under § 1983. *See Will*, 491 U.S. at 65, 71. Therefore, Plaintiff should file an amended complaint, alleging which person or persons actually limited his access to the law library, what actions they took or failed to take when his access was limited, and how that caused him harm. Further,

Plaintiff should be sure to include the person or persons as named Defendants in his Second Amended Complaint.

Further, the Court notes Plaintiff stated he wants his amend his complaint to be read "as having only Grays Harbor County (Jail)" as a Defendant. Dkt. 23 at 1. As noted above, as an arm of the state, Grays Harbor County Jail is not an appropriate Defendant in a § 1983 claim. However, Plaintiff may be able to name Grays Harbor County itself as a Defendant. A municipality, such as a county, may be liable under § 1983 if its policies are the "'moving force [behind] the [alleged] constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (*quoting Monell v. Department of Social Services*, 463 U.S. 658, 694 (1978)). In order to state a claim against such an entity plaintiff must show that defendant's employees or agents acted through an official custom or policy that violates, or permits deliberate indifference to, plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell*, 436 U.S. at 690-91; *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). It cannot be held liable merely because a government employee under its purview engaged in unconstitutional acts. *Monell*, 436 U.S. at 692. Thus, to name Grays Harbor County as a Defendant under § 1983, Plaintiff must show: 1) deprivation of a constitutional right; 2) that the county has a policy; 3) the policy amounts to a violation or deliberate indifference to Plaintiff's constitutional rights; and 4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

Finally, because the Court has provided Plaintiff with leave to amend, the Court denies his Motion to Amend (Dkt. 23) as moot. Instead, Plaintiff should file a Second Amended Complaint and omit the State of Washington as a Defendant.

### III. Instructions to Plaintiff and Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a Second Amended Complaint, which includes a short, plain statement alleging: (1) the constitutional right Plaintiff believes was violated; (2) the name of the *person or persons* who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Plaintiff should further ensure that the person or persons are named as Defendants in his Second Amended Complaint.

Plaintiff shall present the Second Amended Complaint on the form provided by the Court. The Complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The Second Amended Complaint will act as a complete substitute for the Amended Complaint, and not as a supplement. The Court will screen the Second Amended to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not recommend that Plaintiff's Motion to Reopen be granted or authorize service of the amended complaint until the above noted deficiencies are remedied.

If Plaintiff fails to file a Second Amended Complaint or fails to adequately address the issues raised herein on or before November 24, 2017, the undersigned will recommend Judge Bryan deny the Motion to Reopen and Motion to Appoint Counsel.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order

and Pro Se Instruction Sheet to Plaintiff. The Clerk is finally directed to re-note the Motion to Reopen and Motion to Appoint Counsel to November 24, 2017.

**CONCLUSION**

For the reasons noted above, the Court declines to grant Plaintiff's Motion to Reopen or his Motion to Appoint Counsel at this time. Both motions are re-noted to November 24, 2017. Plaintiff is directed to file an amended complaint on or before November 24, 2017 addressing the deficiencies raised herein. If Plaintiff can remedy these deficiencies, the Court will reconsider granting his Motion to Reopen. Further, because the Court has provided Plaintiff with leave to amend, the Court denies Plaintiff's Motion to Amend (Dkt. 23) at moot.

Dated this 25th day of October, 2017.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge