UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN TERWILLEGER,

    Plaintiff,

v.

STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. 3:17-cv-05360-RJB-DWC

ORDER REOPENING CASE AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Brian Terwilleger, proceeding *pro se*, filed this civil rights Complaint under 42 U.S.C. § 1983. In July of 2017, the Honorable Robert Bryan dismissed the case without prejudice because plaintiff had failed to state a claim for which relief could be granted. Dkt. 10. Plaintiff subsequently filed a Motion to Reopen the Case and Application for Court Appointed Counsel ("Motion"). Dkt. 11. Having reviewed his Amended Complaint and the Motion, the Court grants the Motion in part and denies in part.

**BACKGROUND**

Plaintiff filed this action in May of 2017. Dkt. 1. After Judge Bryan identified several deficiencies in Plaintiff's Complaint and Plaintiff failed to remedy them, Judge Bryan dismissed

1  Plaintiff's case without prejudice. Dkt. 10. After filing his Motion (Dkt. 11), Judge Bryan
2  directed Plaintiff to file an Amended Complaint and referred the case to the undersigned
3  magistrate judge (Dkt. 12). After extending Plaintiff's time to file several times (Dkts. 17, 25),
4  Plaintiff successfully filed his Amended Complaint (Dkt. 26). The Court noted that his Amended
5  Complaint was ready for service, but required a prison trust account statement to evaluate his
6  Motion for Leave to Proceed *In Forma Pauperis* ("Motion for IFP"). Dkt. 30. Plaintiff has now
7  provided his prison trust account statement. Dkt. 32

## DISCUSSION

As the Court noted in its previous Order, Plaintiff's Amended Complaint has remedied the deficiencies noted by Judge Bryan and is ready for service upon Defendants. *See* Dkt. 30. Therefore, Plaintiff's Motion is granted insofar as he requests that his case be reopened. The Court will file separate Orders granting IFP status and directing service.

However, Plaintiff has not demonstrated that he requires appointed counsel at this time. Appointed counsel in § 1983 cases is only appropriate under "exceptional circumstances." *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Here, though the case has been reopened, Defendants have not yet been served nor have they had a chance to respond to Plaintiff's claims. It is far too early in the case to evaluate Plaintiff's likelihood of success. Further, Plaintiff has followed the Court's instructions, remedied his deficiencies, and generated an Amended Complaint that adequately articulates his claims.

Because of this, Plaintiff has not yet demonstrated the exceptional circumstances required for appointed counsel. Therefore, the Court denies Plaintiff's Motion without prejudice insofar as he requests appointed counsel.

## CONCLUSION

Plaintiff's Motion (Dkt. 11) is granted insofar as he requests his case be reopened. The Clerk is directed to reopen Plaintiff's case.

Plaintiff's Motion (Dkt. 11) is denied without prejudice insofar as he requests appointed counsel. Plaintiff may again request counsel at a later date if he can demonstrate the necessary exceptional circumstances.

The Court will grant Plaintiff IFP status and direct service of the Amended Complaint in separate Orders.

Dated this 5th day of January, 2018.

David W. Christel
United States Magistrate Judge